# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

TRAVIS LAVOY JENKINS,

        Petitioner,

    v.

WARDEN DEREK EDGE,

        Respondent.

CIVIL ACTION NO.: 2:19-cv-49

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Travis Jenkins ("Jenkins"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, as supplemented. Docs. 1, 7.[1] Respondent filed a Motion to Dismiss, and Jenkins filed a Response. Docs. 15, 19. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Jenkins's civil rights claims, and **DENY** Jenkins's Petition, as supplemented. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Jenkins *in forma pauperis* status on appeal.

## BACKGROUND

Jenkins was convicted in the Eastern District of North Carolina of conspiracy to distribute and possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B); distribution of a quantity of cocaine base, in

---

[1]    Though entitled and docketed as an Amended Petition, Jenkins's filing reads like a supplement to his original Petition. Doc. 7. The Court declines to render Jenkins's original Petition a nullity, as Respondent states. Doc. 15 at 1 n.1.

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Doc. 15 at 1–2; Doc. 15-1 at 9–10. Jenkins was sentenced to 71 months on the drug offenses, and the sentencing court reduced this sentence to 45 months' imprisonment. Jenkins was sentenced to an additional 60-month term on the firearm offense. Doc. 15-1 at 4. He has a projected release date of March 14, 2021 via good conduct time credit. Id. at 9, 11.

As a result of disciplinary hearing proceedings based on a Code 108 charge for possession of a hazardous tool (cellular phone) during his incarceration at the Federal Correctional Institution in Estill, South Carolina, Jenkins was sanctioned with the loss of 41 days' good conduct time, 10 days' disciplinary segregation, loss of visitation and commissary privileges for 6 months, and a $30.00 fine. Id. at 6.

## DISCUSSION

In his Petition, Jenkins contends he has not received appropriate medical care and treatment for his rheumatoid arthritis, in violation of the Eighth Amendment. Doc. 1 at 2–4. Jenkins asserts he did not receive a copy of the incident report charging him with the Code 108 violation within 24 hours of that report being written, in violation of Bureau of Prisons' ("BOP") policy. Id. at 4. Jenkins seeks proper medical treatment for his chronic condition, monetary damages, the suspension or firing of several staff members, to have his custody classification reduced without this incident, the expungement of his disciplinary record, and the reversal of the imposed sanctions. Id. at 5–6.

Respondent avers Jenkins's due process rights were not violated as a result of the disciplinary proceedings. Doc. 15 at 3–5. In addition, Respondent asserts the Disciplinary

Hearing Officer's ("DHO") finding of guilt on the charged offense is supported by sufficient evidence.  Id. at 5–7.

## I.     Whether Jenkins Can Pursue <u>Bivens</u> Claims Through His Habeas Petition

Jenkins seeks monetary damages based on his claims that he has not received proper medical care and treatment for his rheumatoid arthritis, in violation of the Eighth Amendment.  Doc. 1 at 2–4, 5.  However, Jenkins cannot bring any such claims in his § 2241 Petition.  Rather, Jenkins's claims should ordinarily be brought pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  The distinction between claims which may be brought under <u>Bivens</u> and those which must be brought as habeas petitions is reasonably well-settled.  Claims in which prisoners challenge the circumstances of their confinement are civil rights actions, not habeas corpus actions.  <u>See, e.g.</u>, <u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006); <u>Gorrell v. Hastings</u>, 541 F. App'x 943, 945 (11th Cir. 2013).  Habeas actions, in contrast, explicitly or by necessary implication, challenge a prisoner's conviction or the sentence imposed on him by a court (or under the administrative system implementing the judgment).  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).  For example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim.  <u>See, e.g.</u>, <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997); <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

Jenkins cannot bring the civil rights claim he asserts via a habeas petition.  Such claims concern the conditions of his confinement and are not cognizable under § 2241.  Jenkins seeks monetary sanctions.  Doc. 1 at 5.  But Jenkins's requested relief does not fall within the purview of § 2241.  Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Jenkins's civil rights claims.

## II.    Whether Due Process Requirements Were Met

Jenkins contends the disciplinary report at issue was prepared on June 28, 2018, but he did not receive a copy of the report until June 30, 2018, which was after the 24-hour time frame requirement in policy. Doc. 1 at 4. Jenkins states the incident report was regenerated, and he did not receive a copy of the regenerated report until July 11, 2018. Id. at 4–5.

Jenkins clarifies in his supplement that he does not object to the evidence presented during his disciplinary hearing but does object to personnel not following policy and manipulating paperwork. Doc. 7 at 1–2. Jenkins maintains staff did not deliver the original incident report timely, i.e., within 24 hours of the report being prepared, and the regenerated incident report contains fabrications of dates, times, and signatures. Id. at 2.[2]

Jenkins was identified as being in possession of a cell phone on June 28, 2018 at 10:15 p.m. Doc. 15-1 at 19, 21. Officer K. Smalls reported this incident on June 29, 2018 at 11:28 a.m. Id. at 13, 18, 19. Jenkins was given a copy of the original incident report on June 30, 2018 at 3:02 p.m. Doc. 19 at 3; Doc. 15-1 at 13. This original incident report was lost and regenerated on July 10, 2018, doc. 15-1 at 15, 18, and Jenkins was provided with a copy of the regenerated report at 7:10 p.m. this same day. Id. at 19, 20.

Jenkins was provided with a Notice of Disciplinary Hearing Before the DHO form on July 11, 2018 and was advised he was entitled to have staff representation at the hearing and that he had the right to call witnesses, provided doing so would not jeopardize institutional safety, and the right to present documentary evidence. Id. at 22. Jenkins checked blanks indicating he did not wish to have staff representation and did not wish to have witnesses. Id. Jenkins also

---

[2]    Jenkins also objects to the administrative remedies process and delays that occurred in that process. Doc. 7 at 3. As exhaustion of those remedies is not before the Court, the Court need not address Jenkins's concerns.

received a copy of an Inmate Rights at Discipline Hearing form on July 11, 2018, and he acknowledged he was advised of his rights to: have a written copy of the charge at least 24 hours prior to the DHO hearing; have a staff representative at the hearing; call witnesses or present written statements from unavailable witnesses; present documentary evidence; make a statement or remain silent; be present during the hearing; be advised of the DHO's decision, the facts supporting that decision, and the DHO's disposition in writing; and appeal the DHO's decision within 20 calendar days of notice of the decision and disposition. Id. at 23.

DHO Anita Cano conducted the hearing on July 18, 2018. Id. at 5, 13. Jenkins waived his right to staff representation and his right to call witnesses. Id. at 13. In addition to the incident report and investigation, including the reporting officer's statement, DHO Cano considered Jenkins's admission of guilt to the charged offense, a photograph of the cell phone taken June 28, 2018, and Jenkins's discipline record. Id. & at 14–16. DHO Cano found Jenkins committed the charged act and sanctioned Jenkins with 10 days' disciplinary segregation, loss of visitation and commissary privileges for 6 months, the disallowance of 41 days' good conduct time, and a $30.00 fine. Id. at 16. Jenkins was provided with a written copy of the DHO's findings and advised of his appeal rights on July 26, 2018. Id. at 17.

To determine whether Jenkins's right to due process was violated, the Court must determine what process was owed to Jenkins.[3] A prisoner has a protected liberty interest in statutory good time credits, and therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are taken away or denied. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S.

---

[3] Even though Jenkins does not contend the disciplinary hearing process itself violated his constitutional rights, doc. 7, it is helpful to this Court's analysis to discuss what the due process requirements for disciplinary proceedings are.

539, 555–57 (1974)).  That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him; (2) is given the opportunity to call witnesses and present documentary evidence; and (3) receives a written statement setting forth the disciplinary board's findings of fact.  Id. (citing Wolff, 418 U.S. at 563–67).  Additionally, the Eleventh Circuit has determined an inmate has the right to attend his disciplinary hearing.  Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992).  Importantly, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants.  Id.

As laid out above and in the attachments to the parties' pleadings, the record demonstrates Jenkins received the required due process protections.  Officer K. Smalls issued an incident report on June 29, 2018, and Jenkins was given a copy of the incident report on June 30, 2018.  Doc. 15-1 at 19; Doc. 1 at 4.  After the incident report was regenerated, Lieutenant T. Edgecomb completed his investigation on July 10, 2018, and Jenkins received a copy of this regenerated report on the same date.  Doc. 15-1 at 19.  S. Smith referred the matter to the DHO on July 11, 2018.  Id. at 19–20.  Jenkins received a copy of the notice of hearing and his rights on July 10, 2018.  Id. at 4, 13, 15–16.  The allegations set forth in Jenkins's incident report were investigated, and he received a DHO hearing on July 18, 2018.  Id. at 5, 13.  Jenkins does not dispute he received advance written notice of the charges and the hearing by virtue of his receipt of the incident report, only that he did not receive a copy of the incident report within 24 hours of the report being written.  Docs. 1, 7.  Moreover, Jenkins was advised at least 24 hours in advance of the hearing of his rights to be present at the hearing, to testify, to call witnesses, and to present evidence.  Doc. 15-1 at 5, 13, 22–24.

Jenkins attended the hearing, and his rights were again read and reviewed with him. Jenkins declined to have a staff representative and did not wish to present evidence or witnesses.

Following the hearing, DHO Cano detailed her factual and legal conclusions, and Jenkins was provided with the DHO's written report. Id. at 13–17. Thus, the well-documented evidence unequivocally demonstrates that Jenkins received advance written notice of the charges against him, attended the hearing, was given the opportunity to call witnesses and present documentary evidence, and received a written statement setting forth the DHO's findings of fact.

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843, 845 (11th Cir. 2011). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 456. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Tedesco v. Sec'y for Dep't of Corr., 190 F. Appx' 752, 757 (11th Cir. 2006) (internal citation omitted).

As noted above, Jenkins contests the disciplinary proceedings based on not receiving a copy of the incident report within 24 hours of the report being written. Doc. 1 at 4; Doc. 7 at 2. Jenkins contends this is a violation of Bureau of Prisons' ("BOP") Program Statement 5270.09. Doc. 1 at 5; Doc. 7 at 3.

Program Statement 5270.09 details the inmate discipline process and provides, in relevant part, that an inmate "will ordinarily receive the incident report within 24 hours of staff

becoming aware of your involvement in the incident." 28 C.F.R. § 541.5(a). Here, there is no dispute Jenkins committed the Code 108 offense on June 28, 2018, the incident report was prepared on June 29, 2018, and Jenkins received this report on June 30, 2018. Thus, Jenkins did not receive a copy of this incident report within 24 hours of staff becoming aware of his involvement in this charged offense. Even if staff departed from the applicable Program Statement, however, Jenkins is not entitled to his requested relief, as he does not set forth a viable due process violation. Instead, the most Jenkins shows is perhaps staff violated BOP policy, but a violation of policy is not a constitutional violation. See Wallace v. Fed. Det. Ctr., 528 F. App'x 160, 162–63 (3d Cir. 2013) (noting that, even if § 541.5(a) was violated when petitioner received a copy of the charges two months after the incident, there was no due process violation under Wolff and the delay did not prejudice petitioner); Abbadessa v. Haynes, Civil Action No. CV211-084, 2011 WL 6004330, at *3 (S.D. Ga. July 15, 2011) (Even if petitioner could show non-receipt of incident report within 24 hours, "this would show only a failure to comply with the ideal det forth in a BOP policy. It would not demonstrate a violation of a constitutional right."); see also Burgess v. Taylor, 647 F. App'x 952, 953 (11th Cir. 2016) (upholding district court's finding of no clear error in finding petitioner received all due process protections when he received written notice of charges at least 24 hours before DHO hearing); Jones v. Corizon, No. 2:12-cv-786, 2015 WL 5013954, at *18 (M.D. Ala. Aug. 18, 2015) (stating the circumvention of departmental regulations or policies does not assert a violation of an inmate's constitutional rights (citing Sandin v. Conner, 515 U.S. 472 (1995), and Harris v. Birmingham Bd. of Educ., 817 F.2d 1525 (11th Cir. 1987))); Le v. Augustine, No. 5:12cv377, 2013 WL 2250142, at *7 (N.D. Fla. May 22, 2013) (finding Program Statements are "BOP

policies, guidelines or interpretive rules, not substantive law[,]" and violations of these Program Statements are not violations of federal law that can be sustained in a habeas petition).

Jenkins received all of the due process protections afforded him during the disciplinary proceedings, and any contention to the contrary is without merit. Thus, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY** Jenkins's Petition.

## III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Jenkins leave to appeal *in forma pauperis*. Though Jenkins has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Jenkins's Petition, as supplemented, Respondent's Motion to Dismiss, and the responsive pleading, there are no non-frivolous issues to raise on appeal, and

an appeal would not be taken in good faith.  Thus, the Court should **DENY** Jenkins *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Jenkins's civil rights claims, and **DENY** Jenkins's Petition, as supplemented.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Jenkins leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Jenkins and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of October, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA